IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

MICHAEL RAY LEONARD,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

No. 14 cv 2020 EJM

ORDER

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income benefits. Briefing concluded November 25, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinion of plaintiff's non-physician counselor, and failed to develop the record sufficiently concerning plaintiff's mental impairments. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 46-year-old man with a high school education and past work history as a countertop fabricator. He filed an application for disability insurance benefits alleging herniated discs, Crohn's disease, migraines and chronic pain. He asserts that the ALJ failed to consider the medical opinions of plaintiff's examining but non-treating physicians Farid Manshadi, M.D., and Jeff Roske, D.O., and of the examining psychologist Ralph Scott, Ph.D.

The court finds that the ALJ properly considered medical reports and opinions from Farid Manshadi, M.D. and Jeff Roske, D.O. (Tr. 29, 764-771). Plaintiff argues that the ALJ did not address all of Dr. Manshadi's and Dr. Roske's opinions and did not provide good reasons for the weight he assigned the opinions. Pl.'s Br. at 14-22.

The ALJ weighs a physician's opinion regarding what a plaintiff can do despite his impairments pursuant to the criteria set forth in 20 C.F.R. § 404.1527(c). Relevant factors include

1. whether the expert examined the claimant;
2. whether and to what extent the expert treated the claimant;
3. whether the opinion relies upon probative evidence and provides a persuasive rationale;
4. the consistency of the opinion with the record as a whole;
5. the specialization, if any, of the medical source; and
6. any other relevant considerations, including the source's familiarity with the Commissioner's standards and the extent to which the source is familiar with the case record.

20 C.F.R. § 404.1527(c)(1)-(6). An ALJ may "justifiably discount" a medical opinion when it is "inconsistent or contrary to the medical evidence as a whole." Martise v.

2

Astrue, 641 F.3d 909, 925 (8th Cir. 2011). An ALJ may reject an opinion that is unsupported by treatment notes. *Id.* at 925-26.

Dr. Manshadi is a not a treating source. *See* 20 C.F.R. § 404.1502. Dr. Manshadi reviewed medical records that plaintiff's attorney provided him and conducted a minimal examination that revealed little objective findings of impairment (Tr. 764-767). The ALJ is not required to give any special significance to such an opinion. *See* Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *2; see also 20 C.F.R. § 404.1527(e).

The ALJ considered Dr. Manshadi's medical opinion, along with the other evidence in the record, and concluded the opinion was entitled to no weight (Tr. 29). Applying the factors under 20 C.F.R. § 404.1527, the ALJ considered the nature of the relationship between Dr. Manshadi and plaintiff. 20 C.F.R. § 404.1527(d)(l)-(2). The ALJ noted that Dr. Manshadi examined plaintiff one time at the request of plaintiff's administrative attorney. Thus, Dr. Manshadi was not a treating physician, but rather an examining physician obtained for the purpose of supporting a claim for disability. *See* 20 C.F.R. § 404.1502.

The ALJ also considered the supportability of the opinion. *See* 20 C.F.R. § 404.1527(d)(3). Dr. Manshadi placed greatest weight upon plaintiff's self-reports of pain up to 10 on a 10 point scale and migraines 5-7 times per week (Tr. 766-767). But as the ALJ noted, the medical record does not establish that plaintiff persistently shared those extreme symptoms with treating and evaluating doctors, and plaintiff did not seek hospitalization for 10/10 extreme pain (Tr. 29). To the extent that Dr. Manshadi relied upon plaintiff's reports rather than

3

documented medical signs and laboratory findings, the statement is "not a 'medical opinion' at all — [it] merely regurgitate[d] [Plaintiff's] self-described symptoms, and can be given little or no weight by the ALJ." Francis v. Comm'r Soc. Sec. Admin., *414* Fed. App'x. 802, 804 (6th Cir. 2011); see Gates v. Astrue, 627 F.3d 1080, 1082 (8th Cir. 2010).

Next, the ALJ considered the consistency of the opinion with the record as a whole. See 20 C.F.R. § 404.1527(d) (4). The medical evidence fails to document some of the symptoms on which Dr. Manshadi based his opinion. Dr. Manshadi cited chronic lumbar pain, but, as the ALJ noted, the medical evidence does not document a medically determinable lumbar impairment (Tr. 29, 768). Accordingly, the ALJ concluded that Dr. Manshadi's opinion was inconsistent with the other evidence and the record as a whole (Tr. 29). For these reasons, the ALJ was within his discretion to give Dr. Manshadi's opinion no weight.

The ALJ properly considered a medical report and opinion from Jeff Roske, D.O. (Tr. 27-28, 718-719, 721-725). Much like the argument regarding Dr. Manshadi's opinion, the ALJ properly weighed Dr. Roske's opinion and provided adequate explanation for why the opinion was entitled to no weight.

The ALJ concluded that he could not give much weight to Dr. Roske's opinion (Tr. 28). Applying the factors under 20 C.F.R. § 404.1527, the ALJ noted that Dr. Roske was a one-time examining physician. See 20 C.F.R. § 404.1527(d)(1)-(2). Thus, Dr. Roske did not have a longitudinal history of examining or treating plaintiff.

Next, the ALJ noted that Dr. Roske's opinion was not supported by the weight of the evidence in the record. See 20 C.F.R. § 404.1527(d)(3). After review, the court

4

agrees with the ALJ's analysis of the evidence in the record not supporting Dr. Roske's evaluation.

Next, the ALJ noted the opinion lacked consistency with other evidence in the record, and appeared to have relied upon plaintiff's self-reported limitations (Tr. 28). See 20 C.F.R. § 404.1527(d)(4). The ALJ noted that plaintiff had a pattern of inaccurate representation of functioning, as he made inconsistent reports to doctors, the Social Security Administration and the ALJ (Tr. 28). The ALJ noted further inconsistencies in plaintiff's reported functioning, noting that he admitted using an impact wrench and that he reported in April 2011 that he performed woodworking six to seven hours a day, three days a week (Tr. 28, 31, 675, 788). Thus, § 404.1527 factors support the ALJ's weighing of Dr. Roske's opinion.

The ALJ properly weighed the medical opinion from Dr. Scott, an examining psychologist who examined plaintiff at the request of his administrative attorneys (Tr. 30-31, 758-762). Plaintiff argues that the ALJ did not understand that Dr. Scott's diagnosis of pain disorder affected plaintiff's physical ability to work. Pl.'s Br. at 22-24. The Court finds that the ALJ properly found plaintiff's pain disorder to be a severe impairment, and he fully considered the impairment in formulating the residual functional capacity. The ALJ properly considered Dr. Scott's medical opinion and provided adequate explanation for why the opinion was entitled to some weight, but not great weight.

The ALJ discussed considerable evidence that demonstrates plaintiff actually engages in much greater activities that he purports in his disability claim. As the ALJ noted, plaintiff engages in woodworking, fishing, and hunting activities (Tr. 31, 50, 82, 675). Plaintiff reported in April 2011 that he performed woodworking six to

seven hours a day, three days a week (Tr. 675). In addition, plaintiff stated he plays his guitar for hours at a time. (Tr. 759).

The ALJ also weighed Dr. Scott's opinion and concluded that it was entitled to some, but not great, weight (Tr. 30-31). The ALJ considered factors under 20 C.F.R. § 404.1527. Although Dr. Scott indicated possible obstacles to reentry to gainful employment from learning problems and reduced efficiency in processing, retaining, and responding to new verbal and nonverbal information, the ALJ noted that plaintiff admitted he remained capable of driving (Tr. 83). The ALJ properly considered Dr. Scott's report and weighed the doctor's opinion.

The ALJ properly gave the State agency medical consultants' opinions that plaintiff could perform light exertional work significant weight because the opinions were well-supported and consistent with the evidence of record (Tr. 30, 726-733, 744). The ALJ noted that the State agency medical consultants discussed plaintiff's medical records, daily activities, and inconsistencies (Tr. 30).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

December 18, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT